J. S71043/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
          v. :
:
:
JAVIER S. CRUZ-ECHEVARRIA, :
:
          Appellant : No. 1942 MDA 2013

Appeal from the PCRA Order October 3, 2013
In the Court of Common Pleas of Lycoming County
Criminal Division No(s).: CP-41-CR-0000615-2007

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED NOVEMBER 25, 2014**

    *Pro se* Appellant, Javier S. Cruz-Echevarria, appeals from the order entered in the Lycoming County Court of Common Pleas dismissing his first Post Conviction Relief Act ("PCRA") petition. He raises various allegations of trial court error and trial counsel's ineffectiveness.[1] We affirm the order, deny Appellant's motion for remand, and deny Appellant's application for an order to compel as moot.

    We state the facts as set forth by a prior panel of this Court:

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth did not file a brief.

[S]ince we write for the sole benefit of the parties, it suffices here to reiterate (1) that [A]ppellant was alleged to have conspired with Sean Durrant and Maurice Patterson to murder Eric Sawyer, (2) that in the early morning hours of March 31, 2007, Durrant and [A]ppellant met Sawyer in an alleyway in Williamsport, Pennsylvania, and (3) that Durrant shot and killed Sawyer with a shotgun in that alleyway. Moments after the shooting, patrol officers from the Williamsport Police Department spotted [A]ppellant and Durrant driving out of the alleyway in a vehicle operated by [A]ppellant. After the officers signaled for [A]ppellant to stop, [A]ppellant complied and was detained without incident. Durrant fled from the vehicle, but was apprehended shortly thereafter.

Durrant subsequently confessed to the police that he killed Sawyer and negotiated an agreement under which the Commonwealth accepted his plea of guilty to a charge of murder of the third degree on the condition that he testify against [A]ppellant. Appellant proceeded to a jury trial on charges of murder of the first degree and conspiracy, and Durrant testified on behalf of the Commonwealth.[2] The jury, on May 14, 2008, found

---

[2] During his testimony, the following exchange transpired:

[COUNSEL FOR THE COMMONWEALTH]: Mr. Durrant, what was the real reason why Eric Sawyer was killed?

[DURRANT]: The real reason why Eric Sawyer was killed was because [Appellant] and Maurice Patterson had some problems with Eric. Maurice Patterson came on, was trying to fuck Eric's girlfriend, and she told Eric about it, and he went back — Sawyer went and approached Patterson about it and told him that he was going to hurt him, fuck him up, if he come around his wife, his girl again. And [directed to Appellant] — you motherfucker! Man is dead for you lying!

[COUNSEL FOR APPELLANT]: Your Honor, I would request —

[A]ppellant guilty of all charges, and the trial court immediately sentenced [A]ppellant to serve two concurrent terms of life imprisonment.

***Commonwealth v. Cruz-Echevarria***, 1930 MDA 2008, slip op. at 1-2 (Pa. Super. Mar. 4, 2011) (unpublished memorandum) (footnote omitted). On direct appeal, Appellant argued, *inter alia*, that the trial court erred by not granting a mistrial following Durrant's emotional outburst. ***Id.*** at 3. This Court affirmed the convictions, but vacated Appellant's sentence for conspiracy, and remanded for resentencing. ***Id.*** at 27. Our Supreme Court denied Appellant's petition for allowance of appeal on September 12, 2011. ***Commonwealth v. Cruz-Echevarria***, 256 MAL 2011 (Pa. Sept. 12, 2011).

---

[DURRANT]: The boy's mother got to sit here and go through this again!

THE COURT: Sir, sir, you can't give an answer unless people are asking you a question.

[COUNSEL FOR APPELLANT]: I would request two things. I would request a recess and I'd also like to make a motion.

THE COURT: Sure. Okay, ladies and gentlemen, what we'll do is take our mid-afternoon recess at this time, so if you'd please put your note pads —

[DURRANT]: I asked you twice —

THE COURT: Mr. Durrant, Mr. Durrant, please do not say another word . . . .

***Commonwealth v. Cruz-Echevarria***, 1930 MDA 2008, slip op. at 4-5 (Pa. Super. Mar. 4, 2011) (unpublished memorandum) (quoting trial transcript).

Appellant, *pro se*, filed the instant, timely PCRA petition on June 11, 2012. Counsel was appointed, who did not file an amended PCRA petition. On August 30, 2013, the PCRA court issued a Pa.R.Crim.P. 907 notice. On October 3, 2013, the PCRA court dismissed Appellant's petition. On October 17, 2013, Appellant filed a *pro se* response in opposition to the Rule 907 notice and seeking to waive counsel. On October 25, 2013, the court ordered that Appellant's *pro se* filing be forwarded to counsel for further action. Appellant's counsel filed a timely notice of appeal on November 1, 2013, and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant's counsel filed a petition to withdraw with this Court on February 27, 2014. This Court remanded to have the PCRA court conduct a **Grazier**[3] hearing. On April 23, 2014, the PCRA court granted counsel permission to withdraw and for Appellant to represent himself *pro se*. Meanwhile, on April 21, 2014, Appellant filed with this Court a *pro se* motion to remand this matter to the PCRA court to permit him to raise additional issues. We note that the motion essentially reiterates the arguments raised in his appellate brief.

*Pro se* Appellant raises the following issues:

> Whether the trial court erred in denying Appellant's PCRA petition where trial counsel failed to object when court improperly expressed to the jury its opinion that commonwealth witness Sean Durrant (who by his own

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

- 4 -

admission killed Eric Sawyer) and [Appellant] were accomplices in the murder of Eric Sawyer, thereby communication to jury [Appellant] was guilty?

Whether the trial court erred in denying Appellant's PCRA petition where trial counsel failed to pursue "revenge theory" on cross examination to impeach Commonwealth witness Sean Durrant, thereby exposing to jury his motives to testify falsely?

Whether the trial court erred in denying Appellant's PCRA petition where trial counsel failed to request a cautionary or limiting instruction from the trial court following a prejudicial outburst from Sean Durrant, the Commonwealth's principal witness?

Appellant's Brief at 2.

We summarize Appellant's arguments for all of his issues. He contends the trial court improperly opined to the jury that Appellant was an accomplice. Trial counsel, Appellant suggests, should have objected to the court's opinion and moved for a mistrial. Appellant insists that trial counsel was ineffective by not pursuing a "revenge theory" when cross-examining Durrant. Finally, Appellant argues trial counsel was ineffective by not requesting a limiting or cautionary instruction after Durrant's emotional outburst while testifying. We hold Appellant is due no relief.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267 (Pa. 2008).

[C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and

proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

*Commonwealth v. Perry*, 959 A.2d 932, 936 (Pa. Super. 2008) (punctuation marks and citations omitted).

After careful review of the record, Appellant's brief, and the well-reasoned decision by the Honorable Nancy L. Butts, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op., 8/30/13, at 2-8 (holding: trial court recited standard jury instruction for accomplice testimony; our Supreme Court previously held in *Commonwealth v. Williams*, 863 A.2d 505 (Pa. 2000), that such jury instruction did not imply defendant was accomplice; Appellant's trial counsel impeached Durrant via multiple lines of cross-examination and Durrant admitted having motive to testify against Appellant for revenge; and Superior Court, on direct appeal, held Durrant's outburst was not prejudicial). Accordingly, having discerned no trial court error or trial counsel ineffectiveness, we affirm the order below. *See Perry*, 959 A.2d at 936.

Order affirmed. Appellant's motion for remand denied. Appellant's application for an order to compel denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2014

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA   :

v.                             :       No. 615-CR-2007
                               :       CRIMINAL DIVISION
JAVIER CRUZ-ECHEVARRIA,        :
            Defendant          :       APPEAL

## OPINION IN SUPPORT OF ORDER IN COMPLIANCE WITH RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

On June 13, 2012, the Defendant filed a Post-Conviction Relief Act (PCRA) Petition. This Court appointed Julian Allatt, Esq. to represent the Defendant on his Petition. On February 26, 2013, the Defendant filed a Motion to Waive Counsel. On May 14, 2013, at the time of the Grazier Hearing, the Defendant withdrew his Motion to Waive Counsel on the record and an additional PCRA conference was scheduled.

On July 23, 2013, Attorney Allatt filed an amended PCRA Petition. The Petition alleged three (3) issues: 1) whether trial counsel was ineffective for failing to object when the Court improperly expressed that Durrant and the Defendant were accomplices; 2) Whether trial counsel was ineffective for failing to pursue a "revenge theory" on cross examination to impeach Durrant; and 3) whether trial counsel was ineffective for failing to request a cautionary or limiting instruction from the trial court following Durrant's outburst.

On August 30, 2013, this Court proposed the dismissal of the Defendant's PCRA Petition for failing to allege an issue with merit and gave him twenty (20) days to file an objection. After receiving no response by the Defendant, this Court dismissed the PCRA Petition on October 3, 2013 and notified the Defendant of his right to appeal. On October 28, 2013, the Defendant filed

*pro se* Objections to Notice of Intent to Dismiss, which this Court did not have jurisdiction to consider since the PCRA Petition had already been dismissed.

On November 1, 2013, Attorney Allatt filed a Notice of Appeal on behalf of the Defendant. On November 15, 2013, this Court directed the Defendant to file a concise statement of matters complained of on appeal. The Defendant raised the same three issues previously addressed by this Court in the proposed dismissal of his PCRA Petition.

Therefore, for purposes of this Opinion, the Court will rely on its Opinion and Order dated August 30, 2013, which found that the Defendant's PCRA Petition lacked merit.

DATE: 10 December 2013

By the Court,

Nancy L. Butts, President Judge

xc: DA
Julian Allatt, Esq.

2

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    :
                                 :       No. CR-615-2007
        v.                       :
                                 :       CRIMINAL DIVISION
JAVIER CRUZ-ECHEVARRIA,          :
        Defendant                :       PCRA

## OPINION AND ORDER

Javier Cruz-Echevarria (Defendant) was charged with criminal Homicide[1] and Criminal Conspiracy to Commit Homicide.[2] It was alleged that on March 31, 2007, the Defendant conspired with Sean Durrant (Durrant) and Maurice Patterson (Patterson) to murder Eric Sawyer. The Defendant and Durrant met Sawyer in an alleyway and Durrant shot and killed Sawyer with a sawed-off shotgun. As part of the Commonwealth's evidence against the Defendant, Durrant testified as to the Defendant's involvement in the homicide. On May 14, 2008, following a jury trial before this Court, the Defendant was found guilty of both charges. The Defendant was sentenced to Count 1 First Degree Murder to a State Correctional Institution for life without the possibility of parole. In addition, the Defendant received another concurrent life term of imprisonment for Count 2 Criminal Conspiracy to Commit Homicide.

On May 27, 2008, the Defendant filed Post-Sentence Motions, which included the issues of whether the Court erred in ruling that the Commonwealth could proceed on accomplice liability theory as to the Defendant and whether the Court erred in refusing a mistrial based upon Sean Durrant's outburst. On March 4, 2011, the Superior Court of Pennsylvania upheld the Defendant's conviction but found that the Defendant' sentence on the Conspiracy charge was beyond the maximum sentence. On December 11, 2012, the Defendant was re-sentenced by the

---

[1] 18 Pa.C.S. § 2501.
[2] 18 Pa.C.S. § 903(a)(1).



Court and he received a concurrent twenty (20) to forty (40) years of imprisonment for the charge of Criminal Conspiracy.

On June 13, 2012, the Defendant filed a Post-Conviction Relief Act (PCRA) Petition. This Court appointed Julian Allatt, Esq. to represent the Defendant on his Petition. On February 26, 2013, the Defendant filed a Motion to Waive Counsel. On May 14, 2013, at the time of the Grazier Hearing, the Defendant withdrew his Motion to Waive Counsel on the record and an additional PCRA conference was scheduled.

On July 23, 2013, Attorney Allatt filed an amended PCRA Petition. The Petition alleged three (3) issues: 1) whether trial counsel was ineffective for failing to object when the Court improperly expressed that Durrant and the Defendant were accomplices; 2) Whether trial counsel was ineffective for failing to pursue a "revenge theory" on cross examination to impeach Durrant; and 3) whether trial counsel was ineffective for failing to request a cautionary or limiting instruction from the trial court following Durrant's outburst. For the following reasons, the Court finds that the Defendant's PCRA Petition is without merit.

### *Whether trial counsel was ineffective for failing to object when the trial court improperly expressed to the jury its opinion that Durrant and the Defendant were accomplices*

The Defendant alleges that the Court improperly characterized Durrant and the Defendant as accomplices. To make a claim for ineffective assistance of counsel, a defendant must prove the following: (1) an underlying claim of arguable merit; (2) no reasonable basis for counsel's act or omission; and (3) prejudice as a result, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. Commonwealth v. Cooper, 941 A.2d 655, 664 (Pa. 2007) (citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (1999)). A failure to satisfy any prong of this test is fatal to the

2

ineffectiveness claim. Cooper, 941 A.2d at 664 (citing Commonwealth v. Sneed, 899 A.2d 1067, 1076 (2006)). Further, Counsel is presumed to have been effective. Id.

"It is well-settled that where an accomplice implicates the defendant, the trial court should instruct the jury that the accomplice is a corrupt and polluted source whose testimony should be considered with caution." Commonwealth v. Busanet, 54 A.3d 35, 70 (Pa. 2012); see generally Commonwealth v. Maisonet, 31 A.3d 689 (Pa. 2009). The Defendant points to a small section of the jury instruction, however, a broader and complete review of the transcript is necessary:

> Before I begin these instructions let me define for you the term accomplice. I basically done it for you, but I wanted you to have this instruction as well to keep in your mind. A person is an accomplice of another person in the commission of a crime if he or she has the intent or is promoting or facilitating the commission of the crime, and one, solicits the other person to commit it; or two, aids or agrees or attempts to aid such other person in planning or committing the crime. Put simply an accomplice is a person who knowingly and voluntarily cooperates with or aids another person in committing an offense. When a Commonwealth witness is an accomplice, his or her testimony has to be judged by special precautionary rules. Experience shows that an accomplice when caught may often try to place the blame falsely on someone else. He may testify falsely in the hope of obtaining favorable treatment or for some corrupt or wicked motive. On the other hand, an accomplice may be a perfectly truthful witness. *The special rules that I will give you are meant to help you distinguish between truthful and false accomplice testimony. In view of the evidence of Sean Durrant's criminal involvement you must regard him as an accomplice in the crimes charged and apply the special rules to his testimony.* You must decide whether Sean Durrant was—strike that. Use this test to determine whether Sean Durrant was an accomplice. Well, I'm telling you that he was. I'm sorry, I'm reading something here I should read to you. He is an accomplice based upon what you heard. These are the special rules that apply to accomplice testimony. First, you should view the testimony of an accomplice with disfavor because it comes from a corrupt and polluted source. Two, you should examine the testimony of an accomplice closely and accept it only with care and caution. Three, you should consider whether the testimony of an accomplice is supported in whole or in part by other evidence. Accomplice testimony is more dependable if it's supported by independent evidence. However, even if there is no independent supporting evidence you may still find the Defendant guilty solely on the basis of an accomplice testimony if after using the special rules I just told you about you are satisfied beyond a reasonable doubt that the accomplice testified truthfully and the Defendant is guilty.

3

N.T., May 14, 2008, p. 84-86 (emphasis added). In full context, the Court was stating that due to Durrant's relationship with the Defendant his testimony should be considered with caution or from a corrupt and polluted source.

These standard jury instructions have already been determined to be adequate by the Supreme Court of Pennsylvania. See Pa.SSJI (crim) 4.01. In Williams, the trial court instructed the jury with the following instruction:

> When a Commonwealth witness was so involved in the crime charged that he was an accomplice, his testimony has to be judged by certain precautionary rules.
>
> * * *
>
> In view of the evidence of Marc Draper's criminal involvement, you must regard him as an accomplice in the crimes charged and apply the special rules to his testimony. These are the special rules that apply in accomplice testimony: First, you should view the testimony of an accomplice with disfavor because it comes from a corrupt and polluted source . . . .

Commonwealth v. Williams, 863 A.2d 505, 519 (Pa. 2000). The Supreme Court found that the instruction did not imply that the defendant was an accomplice but that the witness's statements were coming from a corrupt source. Id.

Here, the standard instruction adequately and accurately conveyed that Durrant's testimony was coming from a corrupt source. Further, as in Williams, the instruction did not imply that the defendant was an accomplice with Durrant. Accordingly, this Court finds that trial counsel was not ineffective for failing to object to the instruction.

***Whether trial counsel was ineffective for failing pursue a "revenge theory" on cross examination to impeach Durrant***

The Defendant alleges that trial counsel was ineffective for failing to impeach Durrant on the theory that he was seeking revenge against the Defendant by testifying. The Defendant cites Collins, where a witness identified the defendant as the shooter. Commonwealth v. Collins, 545

4

A.2d 882 (Pa. 1988). In that case defense counsel did not impeach the witness on the fact that her son has been convicted and imprisoned for the shooting death of the defendant's cousin. The Supreme Court of Pennsylvania found that counsel was not ineffective because there were reasonable reasons not impeach the witness, including introducing motive for the defendant's shooting.

Here, the Defendant argues that there was no reasonable reason not to impeach Durrant on his motive for testifying and therefore trial counsel was ineffective. Trial counsel sought to impeach Durrant through many routes. First, defense counsel cross-examined Durrant about how his statements changed to police and how he first stated that the Defendant was not involved. N.T., May 8, 2008, p. 133-34, 157-61. Second, Durrant was questioned about inconsistencies with his stories and evidence obtained by police. Id. at 167; N.T., May 9, 2008, p. 4-6. Third, defense counsel questioned Durrant on whether his motive for testifying was because of the plea agreement he received from the Commonwealth. N.T., May 9, 2008, p.12-20. Finally, defense counsel elicited statements by Durrant on his motive to testify, which was because the Defendant lied to him about why the victim needed to be killed. N.T., May 8, 2008, p.136, 148, 162; N.T., May 9, 2008, p.11-12, 14, 15, 16, 18-19. Durrant testified that he killed the victim because he believed he was cooperating with police. After the homicide Durrant learned that Patterson and the Defendant lied to him and the reason they wanted the victim killed was because the victim had threatened Patterson for hitting on his girlfriend.

Based on the entire record, the Court finds that defense counsel was reasonable in his approach to impeaching Durrant mostly on his plea agreement. "A decision by counsel not to take a particular action does not constitute ineffective assistance if that decision was reasonably based, and was to the result of sloth or ignorance of available alternative." Collins, 545 A.2d at 886. Defense counsel's theory during trial and closing argument was that Durrant initially stated

5

the truth when he told police that the Defendant was not involved in the shooting. Further, the theory was that Durrant believed he was going to win a suppression issue and after he learned that he would not sought to get a plea offer by lying and testifying against the Defendant. The revenge theory that the Defendant now claims should have been used to impeach Durrant would have conflicted with the plea agreement theory.

In addition, Durrant constantly referenced that he was testifying because the Defendant lied to him and the victim's mother should hear the truth. The revenge theory sought by the Defendant was freely testified to by Durrant during trial. The Court further finds that there is not a reasonable probability that the outcome of the proceeding would have been different if trial counsel would have impeached Durrant more on a "revenge theory" than the theory which was used.

### Whether trial counsel was ineffective for failing to request a cautionary or limiting instruction from the trial court following Durrant's outburst

The Defendant contends that trial counsel was ineffective because he did not request a limiting instruction following Durrant's outburst. The relevant portion of the transcript states:

| | |
|---|---|
| COMMONWEALTH: | Mr. Durrant, what was the real reason why Eric Sawyer was killed? |
| DURRANT: | The real reason why Eric Sawyer was killed was because Javier Cruz and Maurice Patterson had some problems with Eric. Maurice Patterson came on, was trying to fuck Eric's girlfriend, and she told Eric about it, and he went back – Sawyer went and approached Patterson about it and told him that he was going to hurt him, fuck him up, if he came around his wife, his girl again. And – you motherfucker! Man is dead for you lying! |
| TRAVIS: | Your Honor, I would request— |
| DURRANT: | The boy's mother got to sit here go through this again! |

6

| | |
|---|---|
| COURT: | Sir, sir, you can't give an answer unless people are asking you a question. |
| TRAVIS: | I would request two things. I would request a recess and I'd also like to make a motion. |
| COURT: | Sure. Okay, ladies and gentlemen, what we'll do is take our mid-afternoon recess at this time, so if you'd please put your note pads – |
| DURRANT: | I asked you twice— |
| COURT: | Mr. Durrant, Mr. Durrant, please do not say another word. Please put your pads and your pens back in your folders and slide them under your chairs. Everyone else please remain seated. Ladies and gentleman of the jury, if you would follow Mr. Walker he will take you back to the jurors' lounge. |

N.T., May 8, 2008, p. 104-06. Defense counsel did not request a limiting instruction but made a motion for mistrial. The Court found that the manner Durrant testified was relevant to his credibility, similar to a witness crying, and denied the motion. Id. at 109, 111.

Here, the there is no reasonable probability that but for defense counsel failing to request a limiting instruction, the outcome of the proceeding would have been different. The information provided in the outburst was testified to by Durrant numerous times during the trial. Durrant repeated many times that the Defendant had lied to why the victim needed to be killed and that the victim's mother deserved to know the truth. The only distinguishing characteristic of this testimony was the volume and not the substance.

Further, the Superior Court of Pennsylvania addressed the prejudice caused by Durrant's outburst. The Superior Court found that the outburst did not change the outcome of the proceeding:

> Following our review of the record, we detect no basis upon which to disturb the conclusion of the trial court that neither Durrant's outburst, nor the comments by counsel for the Commonwealth, were so prejudicial as to require the declaration of mistrial. *See generally: Commonwealth v. King*, 959 A.2d 405, 418 (Pa. Super. 2008). Moreover,

7

our conclusion in this regard is bolstered by the properly admitted testimony given by Durrant as to the participants in, and nature of, the conspiracy to kill Sawyer, as well as the objective evidence presented by the Commonwealth to corroborate the testimony that appellant had participated in planning the murder of Sawyer and abetted Durrant in the accomplishment of that plan. In short, we conclude that the evidence of appellant's guilt was overwhelming, and that any prejudice attendant the witness's outburst and subsequent comments by counsel for the Commonwealth did not prevent the jury from weighing the evidence fairly and rendering a verdict. Consequently, we agree with the trial court that appellant was not entitled to a mistrial based upon Durrant's outburst or the comments by counsel for the Commonwealth during closing arguments.

Commonweatlh v. Cruz-Echevarria, No. 1930 MDA 2008, slip op. (Pa. Super. March 4, 2011).

The Court finds that any prejudice from the outburst would not have changed the outcome of the proceeding. See also Commonwealth v. King, 57 A.3d 607, 624-25 (Pa. 2012).

## ORDER

AND NOW, this _29th_ day of August, 2013, the Defendant is notified that it is the intention of the Court to dismiss the Defendant's PCRA petition because it does not raise a genuine issue concerning any material fact. The Court will dismiss Defendant's claim unless Defendant files an objection to that dismissal within twenty days (20) of today's date.

By the Court,

Nancy L. Butts, President Judge

xc: Ken Osokow, Esq.
Julian Allatt, Esq.

8